IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BANK OF AMERICA NA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-989-GPM |
| | ) |
| **CHRISTOPHER M. CARROW, DMD, and** | ) |
| **CAREN CARROW,** | ) |
| | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Foster v. Hill,* 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"). Plaintiff Bank of America brings this action to recover principal, interest, late fees, collateral, and attorneys fees arising from an allegedly breached finance agreement between Bank of America and Christopher Carrow, with Caren Carrow allegedly liable as guarantor on the agreement. Bank of America asserts federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Having reviewed the allegations of Bank of America's complaint, the Court discerns certain flaws in Bank of America's pleading with respect to federal jurisdiction in diversity. These defects require Bank of America to re-plead its complaint.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that the parties to a case be of diverse state citizenship and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy.  *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008).  "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant."  *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).  For purposes of federal diversity jurisdiction, the citizenship of a national banking association is determined by reference to both the national banking association's principal place of business and "the state listed in its organization certificate."  *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001) (citing 28 U.S.C. § 1348).  *See also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Deutsche Bank Nat'l Trust Co. v. King*, Civil No. 10-331-GPM, 2010 WL 1874472, at *1 (S.D. Ill. May 7, 2010).  The principal place of business of an organization means, in turn, the state where the organization maintains its headquarters or "nerve center."  *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 n.9 (2006); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986).  The state citizenship of a corporation for diversity purposes is the state where the corporation is incorporated and the state where the corporation has its principal place of business, that is, the corporation's "nerve center."  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 130 S. Ct. at 1192-95; *Illinois Bell Tel. Co. v. Global NAPs Ill., Inc.*, 551 F.3d 587, 590 (7th Cir. 2008); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777-78 (7th Cir. 1986); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981).  Bank of America, the proponent of federal jurisdiction, bears the burden of proof as to the existence of such jurisdiction.  *See*

*NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995) ("The party invoking federal jurisdiction bears the burden of establishing the elements of jurisdiction.").

Here, Bank of America does properly allege that the amount in controversy exceeds $75,000, and also alleges that Bank of America's principal place of business is located in Charlotte, North Carolina. However, as a national banking association, Bank of America must also allege the state listed in its organization certificate. *Firstar Bank.,* 253 F.3d at 994. Bank of America does allege that its home office, as listed in its federally-issued charter, is located in North Carolina, but Bank of America must specify whether this "federally-issued charter" is the "organization certificate" required by the Seventh Circuit in order to establish national banking association citizenship.

Additionally, Bank of America must omit from its jurisdictional allegations all reference to "information and belief." Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge. *See America's Best Inns, Inc., v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1074 (7th Cir. 1992); *Lyerla v. AMCO Ins. Co.,* 462 F.Supp.2d 931, 931 (S.D.Ill. 2006).

Accordingly, it is hereby **ORDERED** that Bank of America shall file an amended complaint that corrects the defects in Bank of America's pleading of the Court's subject matter jurisdiction in diversity identified in this Order not later than **noon of January 18, 2011**.

**IT IS SO ORDERED.**

DATED: 01/05/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
